UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIM CRAFTON, <br> 2623 Bladensburg Road, NE <br> Washington, D.C. 20018 <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br> Serve: Hon. Vincent Gray <br> Office of the Mayor of <br> the District of Columbia <br> 1350 Pennsylvania Avenue, NW <br> 3rd Floor <br> Washington, D.C. 20004 <br><br> and <br><br> JAMES TRAINUM, <br> In his official and individual capacity <br> 414 Seward Square, SW, #101 <br> Washington, D.C. 20003 <br><br> Defendants. | Civil Action No.: <br> Jury Trial Demanded |

## COMPLAINT

The Plaintiff, Kim Crafton, by and through counsel, Loyd Hopkins, Esq., A.P. Pishevar, Esq., and Pishevar and Associates, P.C., moves this Honorable Court for entry of judgment in her favor against the District of Columbia and James Trainum, in his official and individual capacity, and in support of such Complaint avers as follows:

### NATURE OF ACTION, JURISDICTION, AND VENUE

1. This is a civil action under 42 U.S.C. § 1983 seeking damages and injunctive relief against Defendants, as state actors, for committing acts, under color of law, with the intent, purpose, and result being the deprivation of, and denial to, Plaintiff of rights secured under the Constitution of the United States and laws of the United States; falsely arresting Plaintiff; falsely imprisoning Plaintiff; and maliciously prosecuting Plaintiff, all as a result of coercing a false confession from Plaintiff.

2. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. Venue is proper under 28 U.S.C. § 1391(b). The Defendants reside or conduct business in this judicial district and the events giving rise to the claims asserted herein occurred here as well.

4. The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 1983 and Rule 57 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff Kim Crafton ("Crafton") was a homeless woman living in a shelter in the District of Columbia at the time of the incident which gives rise to this action. She currently resides in Indiana.

6. Defendant District of Columbia is a municipal entity organized under the Constitution and laws of the United States.

7. At all times relevant hereto, Defendant James Trainum was a duly appointed District of Columbia Metropolitan Police Department Detective, is sued in his individual capacity, and acted under color of law and in the scope of his employment in engaging in the actions alleged in this Complaint.

## FACTS

8. In February of 1994, Defendant James Trainum ("Trainum"), in his capacity as a District of Columbia Metropolitan Police Department detective, was investigating the brutal abduction, robbery, and murder of Lawrence O'Connell whose body had been found, bound and beaten, on the banks of the Anacostia River in the District of Columbia.

9. After circulating a grainy photograph from an ATM used by the murderer(s) and a composite sketch based on a description by a clerk in a liquor store where the credit card was used, police received a tip identifying Plaintiff as matching the photo and sketch; Trainum detained Plaintiff and began a seventeen (17) hour interrogation of Plaintiff, without the presence of counsel.

10. During the course of the interrogation, Trainum elicited volumes of information from Plaintiff; some consistent with Trainum's theory of the case but much of it inconsistent with his theory. By his own admission, he ignored that which was inconsistent.

11. Concurrently, or proximate in time, with the interrogation, Trainum had the signatures on receipts allegedly produced when the murder, or murderers, used the victim's credit card, analyzed by a handwriting "expert" employed by the Metropolitan Police Department; the "expert" determined that the handwriting was that of the Plaintiff.

12. The interrogation was video-taped by Trainum.

13. Rather than continue to perform the police work necessary to properly solve the crime, Trainum shortcut the process. Specifically, he unjustly singled out the Plaintiff as a potential suspect, and then affirmatively endeavored to stretch and manipulate the facts and the evidence to fit the false hypothesis that she was guilty of the crime.

14. During the lengthy, grueling, sleep-deprived interrogation, Trainum used flawed techniques of interrogation he had been taught by the Metropolitan Police Department, known as "Reid" training.

15. Trainum manipulated and stretched the facts and evidence to falsely implicate Plaintiff by improper suggestiveness and outright coercion, all of which violated Plaintiff's constitutional rights.

16. During the course of the interrogation, Plaintiff made several incriminating statements, and after seventeen hours, Plaintiff confessed to the robbery and murder.

17. Trainum obtained these false, incriminating statements through coercive and unconstitutional tactics, including improper psychological intimidation and pressure and unduly oppressive conditions of confinement such that the resulting statements and confession were neither true nor the product of Plaintiff's free will.

18. In addition to the foregoing misconduct, Trainum also disregarded and/or ignored exculpatory evidence, to wit, contradictory statements by Plaintiff during the interrogation and alibi evidence easily obtainable and ascertainable by Trainum. As well, he ignored the inconsistency between Plaintiff's statement during the interrogation that she was 7 months pregnant at the time of the murder and the fact that the woman in the ATM photo was clearly not pregnant.

19. Trainum also deliberately and affirmatively failed to investigate and develop information which would have helped exonerate Plaintiff. Consistent with that endeavor, Trainum unlawfully suppressed information which would have exonerated Plaintiff.

20. Trainum also withheld from the Plaintiff -- and, in some instances, from the prosecutors --evidence that was both exculpatory and material. This

unconstitutional conduct included, but was not limited to, withholding knowledge of the existence of exculpatory information that would have helped exonerate Plaintiff.

21. Plaintiff was arrested and charged with felony murder and incarcerated for ten months awaiting trial.

22. Several weeks after her arrest, Plaintiff recanted her confession.

23. Following Plaintiff's recanting, Trainum studied log books from the shelter where Plaintiff had been living and determined that Plaintiff could not have been at the robbery and murder based on when she had signed in and out of the shelter.

24. Secret Service and FBI handwriting experts told Trainum that, not only did the handwriting in the log books at the shelter belong to Plaintiff, the handwriting on the credit card receipts unequivocally was *not* that of Plaintiff.

25. This exculpatory evidence was never revealed to Plaintiff or her counsel.

26. After ten months in jail, the charges were dismissed, *without prejudice*, for insufficient evidence.

27. On August 31, 2013, Plaintiff received a letter in the mail from the producers/representatives, of a radio show called "This American Life."

28. The letter stated that Defendant Trainum was touring the country lecturing and teaching on the issue of police interrogations and was discussing Plaintiff's case in his presentations, and that they would like to speak with her and ask her questions about her arrest in the murder case. This was the only information Plaintiff was given at the time.

28. On or about September 12, 2013, Plaintiff was interviewed by producers/representatives of the radio show who played her a recording of an episode of the show in which Detective Trainum, during an interview on the show, admitted that he had

coerced the confession of Plaintiff; had ignored or disregarded exculpatory evidence in his charge towards an arrest and conviction in the murder case; and, that Plaintiff was, in fact, innocent.

29. On or about September 23, 2013, Plaintiff participated in a conference call between herself, the producers/representatives and/or host of "This American Life," and Defendant Trainum, in which Trainum repeated his admissions that he had coerced the confession of Plaintiff; had ignored or disregarded exculpatory evidence in his charge towards an arrest and conviction in the murder case; and, that Plaintiff was, in fact, innocent. In addition, Trainum tearfully apologized to Plaintiff for his actions and for Plaintiff being charged and incarcerated for the murder and robbery.

29. Plaintiff had no notice that the false confession she gave in 1994 had been coerced by Trainum's wrongful interrogation and actions until hearing Trainum's recorded admissions on or about September 12, 2013.

30. The charges have never been expunged or otherwise deleted from the record of Plaintiff.

31. To this day, a review of Plaintiff's record reflects unresolved robbery, forgery, and murder charges.

32. As a result of this misconduct, Plaintiff sustained, and continues to sustain, injuries, including economic damages and emotional and psychological pain and suffering, including but not limited to, and as a result of, the termination of her parental rights with regard to her children.

## PLAINTIFF'S DAMAGES

33. During Plaintiff's ten month incarceration, she was separated from her newborn child.

34. Notwithstanding the charges eventually being dismissed, the open charges have followed Plaintiff for twenty years, due to the fact that they were dismissed *without prejudice.*

35. The fact of the charges was used, in no small way, against her in a Child in Need of Assistance case in Frederick, Maryland to deprive Plaintiff of the custody of her children.

36. She is plagued to this day relative to employment and/or any activity involving or requiring a background check.

37. She has suffered and been damaged emotionally and psychologically as a result of the episode and the resulting impact and effects it has had on her life.

38. Plaintiff has been deprived of her life and liberty due to the false arrest and imprisonment and the loss of the custody of her children.

### Count I -- 42 U.S.C. § 1983

### Due Process

39. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

40. As described more fully above, all of the Defendants, while acting individually and jointly, as well as under color of law and within the scope of their employment, deprived Plaintiff of her constitutional right to freedom and liberty.

41. In the manner described more fully above, the Defendants withheld exculpatory evidence, as well as coerced a confession from the Plaintiff, thereby misleading and misdirecting

the criminal prosecution of Plaintiff. Absent this misconduct, the prosecution of Plaintiff could not and would not have been pursued.

42. Defendant Trainum's misconduct also directly resulted in the unjust criminal prosecution of Plaintiff, thereby denying her constitutional right to liberty, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

43. As a result of this violation of her constitutional rights, Plaintiff suffered injuries, including, but not limited to, emotional distress, as is more fully alleged above.

44. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and/or with willful indifference to Plaintiff's constitutional rights.

45. The misconduct described in this Count was undertaken pursuant to the policy and practice of the District of Columbia's Metropolitan Police Department in the manner described more fully above.

46. As a result of this misconduct, Plaintiff sustained, and continues to sustain, injuries, including economic damages and emotional and psychological pain and suffering, including but not limited to, and as a result of, the termination of her parental rights with regard to her children.

## Count II -- 42 U.S.C. § 1983

### False Imprisonment

47. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

48. As described more fully above, all of the Defendants, while acting individually and jointly, as well as under color of law and within the scope of their employment, caused Plaintiff to be falsely imprisoned in violation of her constitutional rights.

49. As a result of this violation, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

50. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

51. The misconduct described in this Count was undertaken pursuant to the policy and practice of the District of Columbia's Metropolitan Police Department in the manner described more fully above.

52. As a result of this misconduct, Plaintiff sustained, and continues to sustain, injuries, including economic damages and emotional and psychological pain and suffering, including but not limited to, and as a result of, the termination of her parental rights with regard to her children.

### Count III -- 42 U.S.C. § 1983

### Coerced Confession

53. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

54. As more fully described above, the Defendant James Trainum used coercive methods against Plaintiff in an attempt to coerce her to confess to a crime she did not commit.

55. As a result of Defendants' use of coercion, Plaintiff suffered great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

56. The misconduct described in this Count was undertaken with malice, willfulness, and/or reckless indifference to the rights of others.

57. The misconduct described in this Count was also undertaken pursuant to the policy and practice of the District of Columbia's Metropolitan Police Department in the manner described more fully above.

58. As a result of this misconduct, Plaintiff sustained, and continues to sustain, injuries, including economic damages and emotional and psychological pain and suffering, including but not limited to, and as a result of, the termination of her parental rights with regard to her children.

## Count X -- State Law Claim

### Malicious Prosecution

59. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

60. Defendants caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

61. Defendant Trainum accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and he made statements to prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

62. Statements of the Defendant Officer regarding Plaintiff's alleged culpability were made with knowledge that said statements were false and perjured. In so doing, the Defendant fabricated evidence and withheld exculpatory information.

63. The misconduct described in this Count was undertaken with malice, willfulness, and/or reckless indifference to the rights of others.

64. As a result of this misconduct, Plaintiff sustained, and continues to sustain, injuries, including economic damages and emotional and psychological pain and suffering, including but not limited to, and as a result of, the termination of her parental rights with regard to her children.

## Count XII -- State Law Claim

## Intentional Infliction of Emotional Distress

65. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

66. The acts and conduct of the Defendant Officer as set forth above were extreme and outrageous. The Defendant Officer intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff, as is more fully alleged above.

67. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff, and thereby constituted intentional infliction of emotional distress.

68. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

69. As a proximate result of Defendant's wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

70. As a result of this misconduct, Plaintiff sustained, and continues to sustain, injuries, including economic damages and emotional and psychological pain and suffering, including but not limited to, and as a result of, the termination of her parental rights with regard to her children.

## Count XIII - State Law Claim

### Respondeat Superior

71. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

72. In committing the acts alleged in the preceding paragraphs, Defendant Trainum was a member of, and agent of, the District of Columbia's Metropolitan Police Department acting at all relevant times within the scope of employment and under color of law.

73. Defendant District of Columbia is liable as principal for all torts committed by its agents.

74. As a result of this misconduct, Plaintiff sustained, and continues to sustain, injuries, including economic damages and emotional and psychological pain and suffering, including but not limited to, and as a result of, the termination of her parental rights with regard to her children.

## Count XIV - State Law Claim

### Indemnification

75. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

76. District of Columbia law provides that the District of Columbia is directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

77. Defendant Trainum is or was, at the time of the incident alleged, an employee of the District of Columbia's Metropolitan Police Department, who acted within the scope of his employment in committing the misconduct described herein.

**WHEREFORE**, Plaintiff, KIM CRAFTON, respectfully request that this Court enter judgment in her favor and against Defendants, DISTRICT OF COLUMBIA and JAMES TRAINUM, jointly and severally, for the deprivation of her rights under the United States Constitution and the laws of the United States, pursuant to, authorized by, and under 42 U.S.C. §1983, awarding compensatory damages in the amount of Five Million Dollars ($5,000,000.00), costs, and attorneys' fees, against each of the individual Defendants in their individual capacities; grant declaratory judgment as to Plaintiff's right to have the 1994 charges dismissed with prejudice; and enjoin the District of Columbia from maintaining a record of the arrest and charges against Plaintiff, as well as any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff, KIM CRAFTON, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,
*PISHEVAR & ASSOCIATES, P.C.*


_____/s /_____
A.P. Pishevar, Esq. (DC. Bar #: 451015)
Attorney for Plaintiff
226 North Adams Street
Rockville, MD 20850
(301) 279-8773
Fax (301) 279-7347
ap@pishevarlegal.com

*Loyd Byron Hopkins, P.C.*


_____/s/_____
Loyd Byron Hopkins, Esq.
Attorney for the Plaintiff (USDC DC Bar #26623)
51 Monroe Place, Suite 707
Rockville, Maryland 20850
(301) 213-1593
Fax (410) 730-6412
Loydhopkinspc@hotmail.com